William A. SMITH et al., Plaintiffs-Appellants,

v.

The BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY, FLORIDA, et al., Defendants-Appellees.

No. 30003.

United States Court of Appeals, Fifth Circuit.

March 2, 1971.

Richard F. Bellman, Robert F. Van Lierop, Nathaniel R. Jones, New York City, Earl M. Johnson, Jacksonville, Fla., for plaintiffs-appellants.

Edward Turville, St. Petersburg, Fla., for defendants-appellees.

Before GEWIN, COLEMAN, and AINSWORTH, Circuit Judges.

PER CURIAM:

Confronted with plummeting attendance and skyrocketing costs, the Skyway

Campus of the St. Petersburg Junior College was closed in 1967 and its activities were merged into the two other campuses in the system.

At closing time there were 31 black and 8 white teachers at Skyway. Nineteen of the black teachers and four of the white teachers were reassigned to the remaining campuses. This left twelve black teachers and four white teachers not reassigned within the junior college system because there were no places available. The black teachers had attained tenure status; the white teachers had not.

Seven of the twelve black teachers not immediately reassigned brought this suit. They alleged that they had been denied reassignment within the junior college system solely because of their race and in violation of the Florida teacher tenure laws.

Of the seven plaintiffs, one was offered a position as a high school teacher and accepted it, one was offered a position as an instructor in typing and shorthand and accepted it, two were offered positions in the county school system and declined, one has been re-employed as an instructor in education, one who had no master's degree and was thus ineligible to teach in the junior college system was offered a place as a program planner, but declined. Only one of the plaintiffs has not been offered employment or re-employed.[1]

After a three day trial, Judge Krentzman found as a fact that the evaluation procedure followed for the selection of teachers to be transferred to available positions on the other two campuses "was honestly and fairly conducted by qualified professionals acting in a professional way, who were not motivated or influenced by racial considerations. The procedures comport with constitutional standards and the law".

■ The findings are abundantly supported by the record; indeed much of the evidence to that effect met with no attempted refutation. Rule 52(a), Federal Rules of Civil Procedure, [the clearly erroneous rule] directs that such findings shall not be set aside. We cannot disregard the Rule.

■ Appellants contend that Judge Krentzman failed to exercise the pendent jurisdiction of the District Court to determine whether the failure to reassign teachers for whom no place was then available complied with the Florida teacher tenure law. It will be noted, however, that the trial court specifically held that the procedures comported with "constitutional standards and *the law*" (emphasis added).

Section 231.36 of the Florida Statutes, F.S.A., provides that a teacher holding a continuing contract

"Shall be entitled to continue in his position or in a similar position in the county at the salary schedule authorized by the county board without the necessity of annual nomination or reappointment until such time as the position is discontinued, the person resigns or until his contractual status is changed as prescribed in [(1) or (2)] below."

The action of the Board in not retaining the plaintiffs was carried out pursuant to § 231.36(2) of the Florida Statutes, F.S.A. This section provides:

"Should the county board of public instruction have to choose from among its personnel who are on continuing contracts as to which should be retained, among the criteria to be considered shall be educational qualifications, efficiency, compatibility, character, and capacity to meet the educational needs of the community. Whenever a county board is required to or does consolidate its school program at any given school center by bringing together pupils theretofore assigned to separated schools, the county board may determine on the

---

1. Of the four white teachers, one resigned for personal reasons, one accepted a position at another junior college, and two accepted positions in the Pinellas County School System rather than to be terminated.

basis of the foregoing criteria from its own personnel, and any other certificated teachers, which teachers shall be employed for service at this school center, and any teacher no longer needed may be dismissed. The decision of the board shall not be controlled by any previous contractual relationship. In the evaluation of these factors the decision of the county board of public instruction shall be final."

We are of the opinion, from this record, that the trial judge did apply the plain words and the clear intent of the quoted statutes and that he did not abdicate any duty imposed upon him by the doctrine of pendent jurisdiction.

Therefore, the judgment of the District Court is

Affirmed.